UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KOLMAR AMERICAS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | MISCELLANEOUS ACTION NO. C-11-33 |
| | § | |
| KOCH SUPPLY & TRADING, LP, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court are Non-Party Captain Kenneth Todd Olson's "Motion to Quash Subpoena For Deposition of Non-Party Kenneth Todd Olson and Motion for Sanctions," (D.E. 1), and motions for an oral hearing on this issue. (D.E. 2; D.E. 3.)

Plaintiff, Kolmar Americas, Inc., which is facing a discovery deadline, has issued a subpoena attempting to obtain the deposition of Captain Olson on May 12, 2011 or sometime in the next two weeks.

Captain Olson, a pilot licensed by the US Coast Guard, moves to quash the subpoena, arguing that the subpoena is unduly burdensome because (1) his sleep schedule will be impacted, creating a risk for the vessels he pilots, and (2) a back charge of $1000 will be assessed against Olson and fellow pilots in order to compensate another pilot for having to fill in during the eight hours Olson claims he will need to take off to do the deposition in order to get enough sleep prior to going back on the job. Consequently, Captain Olson asks the Court to quash the subpoena or modify it, requiring either that the deposition take place on May 19th or 20th, or that Captain Olson simply submit answers to written interrogatories instead.[1]

---

[1] Under Federal Rule of Civil Procedure 45, a court may quash or modify a subpoena if it (1) fails to allow a reasonable time for compliance; (2) requires a person who is not a party to travel more than 100 miles from where the person resides; (3) requires disclosure of privileged or protected matter; or (4) subjects a person to undue burden.

Having considered the motion to quash, the Court is of the opinion it should be and hereby is DENIED. No hearing is necessary. Captain Olson is, however, entitled to customary statutory witness fees.

SIGNED and ORDERED this 10th day of May, 2011.

                                                  Janis Graham Jack
                                                  United States District Judge

---

F.R.C.P. 45(3)(A)(i)-(iv). In the Fifth Circuit, to determine whether a subpoena presents an undue burden, the Court considers the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812, 817-18 (5th Cir. 2004).